IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CHRISTINE M. A.,

                    Plaintiff,

          v.                                    Civil Action No.
                                                5:18-CV-0612 (DEP)


COMMISSIONER OF SOCIAL SECURITY,


                    Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP              HOWARD D. OLINSKY, ESQ.
300 S. State Street            MATTHEW McGARRY, ESQ.
Suite 420
Syracuse, NY 13202

FOR DEFENDANT

HON. GRANT C. JAQUITH          HEETANO SHAMSOONDAR, ESQ.
United States Attorney for the Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

          Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on September 18, 2019, during a telephone conference held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1)      Plaintiff's motion for judgment on the pleadings is GRANTED.

2)      The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Social Security Act, is VACATED.

3)      The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)      The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:      September 19, 2019
            Syracuse, NY

border

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

CHRISTINE A.,                          )
                                       )
            Plaintiff,                 )      CASE NO.: 5:18-CV-612
                                       )
      vs.                              )
                                       )
COMMISSIONER OF SOCIAL SECURITY,)
                                       )
                Defendant.             )
_____)

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HON. DAVID E. PEEBLES
WEDNESDAY, SEPTEMBER 18, 2019
SYRACUSE, NEW YORK

FOR THE PLAINTIFF:
      Olinsky Law Group
      By:  Matthew McGarry, Esq.
      250 South Clinton Street
      Syracuse, New York  13202

FOR THE DEFENDANT:
      Social Security Administration
      By:  Heetano Shamsoondar, Esq.
      26 Federal Plaza, Room 3904
      New York, New York  10278

THERESA J. CASAL, RPR, CRR, CSR
Federal Official Court Reporter
445 Broadway, Room 509
Albany, New York  12207

*THERESA J. CASAL, RPR, CRR*
*UNITED STATES DISTRICT COURT - NDNY*

1          THE COURT:  All right.  I'll have to let that be

2    the last word.

3          I have before me a request for judicial review of

4    an adverse determination by the Commissioner of Social

5    Security pursuant to 42, United States Code, Sections 405(g)

6    and 1383(c)(3).  The background is as follows:

7          Plaintiff was born in August of 1968 and is

8    currently 51 years old.  She was 45 years of age at the time

9    of the alleged onset of her disability in April of 2014.

10   She stands five foot four inches in height and has weighed

11   various amounts over time, ranging from 120 pounds up to 145

12   and higher prior to surgery.  She is single.  She lives with

13   her boyfriend, his daughter and plaintiff's son, who is

14   age 16, in a house, in Parish and/or Mexico, New York.  She

15   is right hand dominant.  Plaintiff has a high school diploma

16   and an associate's degree in business.  She has a driver's

17   license and testifies that she drives occasionally.

18         In terms of work, the evidence is somewhat

19   equivocal.  She testified she never held a full-time job

20   except her first job, but some of the entries elsewhere in

21   the record she suggests full-time employment.  She lists

22   that she was employed as a retail associate from 1995 to

23   2009, at 256 of the administrative transcript, and listed as

24   full time; also an office worker in a child care facility

25   from 2011 to October of 2014, that's at 279.  She indicated

1 at 256 it was full time, but at page 41, during the hearing,

2 she testified it was 28 hours per week.  She was also a home

3 health aid from March 2011 until December 2011.

4      Physically, plaintiff suffers from both lumbar and

5 cervical conditions.  She underwent a lumbar fusion surgery

6 in February of 2015 at the L-5/S-1 level.  The report of

7 that surgery is at 540 to 541 of the administrative

8 transcript.  The surgery was performed by Dr. Colin Harris,

9 who practices with SOS.

10      Cervically, plaintiff underwent surgery in

11 October of 2015, also by Dr. Harris, a diskectomy with

12 fusion at two levels, C-4/C-5 and C-5/C-6.  The report of

13 that surgery is at 501 to 505 of the administrative

14 transcript.

15      Plaintiff also suffers from mental impairments,

16 including depression, bipolar disorder and a generalized

17 anxiety disorder.  She is not currently receiving treatment

18 or medication for her condition.  There was a reported

19 suicide attempt in November -- I'm sorry, September of 2015,

20 resulting in her hospitalization at St. Joseph's Hospital in

21 the CPEP unit, reported at 781 to 807.

22      She receives treatment at various locations.  She

23 has been seen at Northern Oswego Behavioral Health and at

24 the Parish Health Center and received mental health

25 treatment from Nurse Practitioner Andrew Catalone and

1    Heather Gigon.  Physically, she is seen at the Parish Health

2    Center with Nurse Practitioner Gigon.  She has received

3    treatment at SOS, although that seems to have ended shortly

4    after her surgeries and she was receiving ongoing treatment

5    at the time of the hearing in this matter from New York

6    Spine and Wellness through Dr. Robert Tiso and Susan Volcko,

7    who I believe is a PA or an NP.

8            She has been prescribed numerous medications over

9    time, including Oxycodone, Gabapentin, Lorazepam and

10   Nortriptyline.

11           There are in the record reports of ENG and nerve

12   conduction studies from January 2015, at 387 to 388,

13   June 2014 at 343.  There was an MRI testing of her lumbar

14   spine area in July of 2014, that's at 337 to 340, revealing

15   disk bulge at L-5/S-1.  CT scan testing of her lumbar

16   post-operatively in February of 2015, that's at 518,

17   revealing expected changes based on the surgery.  There was

18   MRI testing of her cervical area on January 3, 2015, that's

19   at 335-336, reflecting multi-level changes and MRI testing

20   of her cervical area in September 2015, at 468, revealing

21   degenerative changes most prominent at C-5/C-6.

22           In terms of daily living, plaintiff is able to

23   bathe and dress herself, she rarely cooks, she does some

24   laundry, she shops but not often, she watches television and

25   she can clean.

1    Procedurally, plaintiff applied for Title II and

2  Title XVI benefits protectively on December 15, 2014,

3  alleging a disability onset date of April 29, 2014.  She

4  claimed disability based on her bipolar disorder,

5  degenerative disk disease of the lumbar area, anxiety,

6  herniated disk lumbar and spinal stenosis.

7    A hearing was conducted by Administrative Law

8  Judge Roxanne Fuller on December 5, 2015, to address

9  plaintiff's application for benefits.  ALJ Fuller issued an

10  unfavorable decision on April 26, 2017.  That became the

11  final determination of the Agency on March 27, 2018, when

12  the Social Security Administration Appeals Counsel denied

13  plaintiff's request for review.

14    In her decision, ALJ Fuller applied the familiar

15  five-step sequential test for determining disability.  She

16  noted initially that the plaintiff's last date of insured

17  status was June 30, 2015.

18    She found that plaintiff, at step one, had not

19  engaged in substantial gainful activity since her alleged

20  onset date, although noted that she did do some work.

21    At step two, ALJ Fuller concluded that plaintiff

22  suffers from severe impairments that impose more than a

23  minimal limitation on her ability to perform work functions,

24  including degenerative disk disease, depression, anxiety and

25  bipolar disorder.

*C.A. v. Commissioner of Social Security – 18-CV-612*

1       At step three, however, ALJ Fuller concluded that

2  plaintiff's conditions did not meet or medically equal any

3  of the listed presumptively disabling impairments set forth

4  in the Commissioner's regulations, specifically including

5  listing 1.04 as well as 12.04 and 12.06.

6       After surveying the evidence, ALJ Fuller found

7  that plaintiff retains the residual functional capacity, or

8  RFC, to perform light work with additional limitations to

9  address both her physical and her mental conditions,

10  including, as was noted, limiting her to frequent reaching

11  and overhead reaching with both arms.  Applying that RFC

12  finding, the Administrative Law Judge concluded that

13  plaintiff cannot perform her past relevant work as a retail

14  clerk and as a child care center worker.

15       Proceeding to step five, initially ALJ Fuller

16  noted that if plaintiff is capable of performing a full

17  range of light work, a finding of no disability would be

18  required under Medical Vocational Rule or Grid Rule

19  202.2(1).  Because of the additional limitations and with

20  the benefit of a vocational expert's testimony, plaintiff

21  concluded -- ALJ Fuller concluded that plaintiff's capable

22  of performing work in the national economy as a non-postal

23  mail clerk, a garment sorter and an inspector/hand packager.

24       As you know, my task is limited and the standard

25  that I apply is extremely deferential.  I am required to

1 determine whether correct legal principles were applied and

2 the determination of the Agency is supported by substantial

3 evidence, which is to find that such evidence as a

4 reasonable mind would find sufficient to support a finding

5 of fact.

6 In this case, as a backdrop, I note that it is

7 plaintiff's burden through step four to prove limitations

8 associated with his or her impairments under *Poupore*, and

9 that includes at the RFC stage.

10 The Administrative Law Judge considered and

11 rejected the opinion of Dr. Ganesh and the explanation is

12 given -- when I say "rejected," she gave it, quote, little

13 weight, at page 17 of the administrative transcript. And I

14 think that that was appropriate. It is vague, and I know

15 there are cases going both ways when it comes to the use of

16 such terms as "mild" and "moderate." I think the bigger

17 issue is the scaleness. Dr. Ganesh's examination of the

18 plaintiff and resulting report predates both of the

19 surgeries that plaintiff underwent in 2015. I'll note, by

20 the way, parenthetically, that as counsel noted, the ALJ

21 characterized, at page 19, both surgeries as, quote,

22 generally successful. I didn't find necessarily record

23 evidence to support that. His testimony was that the back

24 surgery did provide her with some relief, but not total

25 relief. In terms of the neck surgery, I didn't find any

1    indication that it was anything other than unsuccessful,

2    plaintiff's testimony at page 45, and the characterization

3    of New York Spine and Wellness, one of her treating sources,

4    at page 713, was that it was unsuccessful.

5              So, with Dr. Ganesh's opinion being given little

6    weight, the only opinion evidence left is the opinion in

7    Exhibits 3A and 4A of Single Decision Maker S. Hoose, and

8    it's well-accepted that that -- such an opinion is not

9    entitled to weight.

10             This is a case where I agree, the RFC finding is

11   suspiciously similar to the SDM's opinions and so I could --

12   I'm not relying on it, but I could use *Kociuba versus*

13   *Commissioner*, 2017 Westlaw 2210511 as a basis to remand, so

14   you can be sure that the Administrative Law Judge is not

15   relying on the opinions of a Single Decision Maker.

16             So, there is no medical opinion here and I

17   recognize that this is not necessarily fatal, the Second

18   Circuit's decision in *Monroe versus Commissioner of Social*

19   *Security*, 676 F.App'x 5 makes that clear if there is

20   sufficient treatment notes and records from which the ALJ

21   can make a determination and not have to make medical

22   judgments.  But this is not one of those cases.

23             I am troubled by plaintiff's claims of persistent

24   pain in her lumbar and neck.  The Administrative Law Judge,

25   in her opinion, states that her exams from 2016 were normal

1  and that it showed full range of motion in the neck; that

2  statement is made at page 16.  I went through carefully the

3  New York Spine and Wellness notes and I found the contrary.

4  Plaintiff visited New York Spine and Wellness on January 22,

5  2016, that's at 730 to 734.  There isn't any indication of

6  range of motion on that date.

7         She went again on March 24, 2016, that's at 725 to

8  729.  The note indicates range of motion was restricted and

9  caused her pain.  That's at 727; we are talking about the

10 neck.

11        On April 21, 2016, that's at 720 to 724, again the

12 notation is that plaintiff's cervical range of motion was

13 limited; that's at 722.

14        On June 27, 2016, at 715 to 719, the note again is

15 range of motion limited, that's at 718, and it also showed

16 that a cervical steroid injection provided plaintiff with no

17 relief from her pain.

18        She again went to New York Spine and Wellness on

19 July 13, 2016.  The notation there, on page 713, is that

20 range of motion was limited.

21        She visited last shortly before the hearing in

22 this matter, on September 16, 2016, that's at 705 to 709.

23 There isn't any indication there of range of motion.  But,

24 significantly, all of them recounted significant pain in her

25 cervical area and she was under treatment that included

1   opioids to address her pain.

2          I also note that her last visit to SOS that is

3   reported was six weeks after her neck surgery.  At page 475,

4   there is an indication that there was at least some moderate

5   limitation in flexion and extension in her neck.

6          So I don't find that the Administrative Law

7   Judge's decision in case was supported by substantial

8   evidence.  I think that, clearly, there is avoid that should

9   have been filled when plaintiff underwent two surgeries and

10  reported that they were both fully or at least partly

11  unsuccessful.  The only consultative exam and opinion

12  evidence in this case predates both of those surgeries.

13         So I think that the record should have been more

14  fully developed and I don't find that the Administrative Law

15  Judge's decision is supported by substantial evidence.  So I

16  don't find persuasive proof of disability.

17         I think this is one of those cases where the

18  matter should be remanded for further proceedings and,

19  hopefully, some sort of medical source statement or

20  consultative exam that will tell the new Administrative Law

21  Judge or the person that decides the case what plaintiff's

22  situation is, particularly in her cervical area.

23         So I will grant judgment on the pleadings to the

24  plaintiff and remand the matter without a directed finding

25  of disability.

*C.A. v. Commissioner of Social Security – 18-CV-612*

1          Thank you both for excellent presentations.  I

2    enjoyed working with you and I hope you have a good

3    afternoon.

4          MR. SHAMSOONDAR:  Thank you.  Same to you, your

5    Honor.

6          MR. McGARRY:  Thank you.  You, too, your Honor.

7               (This matter adjourned at 2:29 PM.)

8                    –  –  –  –  –

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          CERTIFICATION OF OFFICIAL REPORTER

2

3

4          I, THERESA J. CASAL, RPR, CRR, CSR, Official

5  Realtime Court Reporter, in and for the United States

6  District Court for the Northern District of New York, do

7  hereby certify that pursuant to Section 753, Title 28,

8  United States Code, that the foregoing is a true and correct

9  transcript of the stenographically reported proceedings held

10 in the above-entitled matter and that the transcript page

11 format is in conformance with the regulations of the

12 Judicial Conference of the United States.

13

14         Dated this 18th day of September, 2019.

15

16         **/s/ THERESA J. CASAL**

17         THERESA J. CASAL, RPR, CRR, CSR

18         FEDERAL OFFICIAL COURT REPORTER

19

20

21

22

23

24

25